Good morning, Your Honors. Good morning. I'm Andrew Chang of Ezner and Chang for Appellants. And I want to make clear to the Court today that my argument today is on behalf of all appellants. With all due respect to the District Court, we believe this case involves a grievous abuse of discretion. And today I want to highlight four areas of the issues. The first one I want to deal with is the purposeful availment prong of the personal jurisdiction test. And what I want to highlight here is really the facts of this case in light of the guidance that's provided by the Asahi case and the Sinatra case as examples. Now, the purposeful availment facts we have in this case are plentiful. And they involve both direct and vicarious involvement by Samsung in the solicitation of business from California residents. And I say both direct and vicarious because we have evidence of both. We have on the direct side plentiful evidence that one of Samsung's own employees attended at least one of the marketing seminars. In fact, the only marketing seminar that our plaintiffs went to. He spoke at that seminar. He made many of the misrepresentations that are alleged to have defrauded the plaintiffs in this case. So we had actual direct participation in the representations themselves. So we have that. But we have much more than that because what we have underlying everything here is a partnership between Samsung, one of the largest corporations in the world, in partnership with the landowner of the land in Korea that the building Samsung built was on. And this partnership, therefore, placed these parties, the sales agents, the landowner, the contractor, in the shoes of one another. So when there were acts and misrepresentations by, for example, the sales arm of this partnership, those acts were on behalf of all three partners, including Samsung. So at one point in their brief, Samsung says, well, later, yes, we admit we stepped into the shoes of our landowner partner, our sales agent partner. Well, in fact, by operation of law, at all times throughout this transaction, Samsung was in the shoes of its partners, including the sales agent. Mr. Chang, what is the status of the Korean litigation involving the project in Seoul? It's, first of all, I'm not sure, but I believe it's not over. It's not concluded. I believe there is still injunctive relief entered, which prevents our clients from occupying the project. But your clients are parties to that litigation? No, they're not. No. But they are the object of an injunction that prevents them from occupying the unit? I believe the order affects, yes, affects them. But that litigation, from my knowledge, was brought by Samsung for nonpayment by the landowner. And the landowner's defense is, well, you constructed a defective building and there were deviations from our agreement, therefore we're not going to pay you. So they're fighting over the construction. We, of course, here are fighting over the fact that we were misled by all of the parties, including Samsung. I guess you're saying it's a partnership, so they're acting for each other. How was this spelled out? Is it just the allegations as a complaint or was there evidence in the jurisdictional part of the was there? Was there a hearing on jurisdiction? It was there was no evidentiary hearing. OK, we never got that far. So it's the allegations in the complaint. It's the allegation. We're working just on the allegations. Well, yes, but coupled with the fact that those allegations were not controverted in the declarations filed in support of the motion to dismiss. So you've got uncontroverted allegations. And as the Court is well aware, the uncontroverted allegations in the operative pleading, coupled with the facts in our, the plaintiffs, the opposing parties' declarations, comprise the record on appeal. Any declarations they filed in opposition are disregarded. I know the Court is well aware of that, but I just want to point out that we are, too, and that's what we're basing the record on. OK. Now, second, the reasonableness, which is really what the district court's order really went off on. And what I might do then is skip to number three in my four-part analysis because I really want to point out where the district court erred in its order because I think that's very illustrative of why we're here. The first thing that the Court focused on was that there's this other litigation in CREA. And that, even though the Court didn't say it, that goes to that one of seven factors that it talks about, conflict of sovereignty. Now, as this Court said in Scher, that kind of issue is best resolved in choice of law, not jurisdiction. So although it's an element of the jurisdictional analysis, it really belongs and is more dispositive in choice of law issues, which implies, of course, that it's not that big an element in the jurisdictional analysis. And if there is any conflict, and we're not aware of any right now, but if there is any to develop, that is addressed in the choice of law analysis later down the road. I had some question whether litigation between two private parties affects sovereignty at all. Well, that's true. I mean, how does that interfere with the sovereignty? I think only to the extent there's a choice of law issue. If there is any conflict in choice of law. And that's why we addressed our concern over that element to the Scher Court's comment that, really, if there is any conflict, it's just in choice of law. The second part, and, of course, that litigation over construction doesn't have anything to do with the litigation here, which is, of course, a common law cause of action for fraud in the sale of that project. The second thing that the Court – there's two other things that the Court relied on that we think are clear error. First, it said that, well, Korea is an adequate forum. Well, that's certainly not the test in personal jurisdiction or even venue, but just talking about personal jurisdiction. So that's clearly not the test. And so that basis for the Court's order just is almost a nullity. And then the final thing that the Court relied on, and maybe this is what was underlying the Court's general feeling on the issue, is that this whole case is about Korean language, Korean written language, Korean spoken language. And I think – Korean buildings. Korean buildings, Korean plaintiffs. But, you know, nowadays, and certainly in California, that is hardly a big deal for either the litigants or the Court. Translators appear all the time in Court. And I don't think that that particular element should be dispositive when you're talking about personal jurisdiction. Isn't the – I mean, we have to find clear error here. And isn't the basis of Judge Liu's thinking on this point that this is really a dispute over a condominium project that's located in Korea? The purchasers intended to live there for 100 days or more a year. The buyers were predominantly either Korean nationals or Korean American citizens who travel for business or pleasure frequently to Korea. The builder, the landowner, the financiers are all in Korea. True. And we've got to find that he clearly erred in ruling that Korea was the better location. And he's faced with the fact that there's already litigation pending there. How do we declare all that to be clear error, that no rational judge could have come to that conclusion? Well, first of all, Your Honor, I don't think that that is the proper standard on appeal. All right. How am I wrong? Well, I think you're wrong because in two parts. One is the burden that was on the moving party below. And that burden, of course, involves two things. First, the defendant has to prove a compelling case. So that's the burden of proof. A compelling case that, and this is the tough standard that it has to prove, as the Court knows. It's not just that it's inconvenient for Samsung to come here. It's that it's so gravely difficult and inconvenient that Samsung is unfairly at a severe disadvantage. So really, you know, the focus is on Samsung and whether it met its burden below a compelling case to prove that it would be so severely disadvantaged. And that's what we're dealing with. We're not just dealing with, well, let's balance it. And, yeah, maybe Korea is more convenient because that's not the personal jurisdiction test. If it were, we wouldn't, you know, there would be a lot of alien companies that would not be required to litigate. And it's a due process issue, too, and that's another reason. Yes, Your Honor. Well, overall, I suppose, we're reviewing a decision that the district court does not have jurisdiction. That was the ruling of the district court, right? Over the Samsung, yes. Yes. That's a ruling of law, isn't it? I mean, I. It is, which this Court reviews de novo, which we briefed, which is correct. And so that's another thing. It's not clear error. This Court looks at the issue as the district court did. It is an error of law, and we've briefed that. And that's why I say that we don't have to prove a clear case, that you don't have to find a clear case of error. In fact, it's quite the opposite. I've covered the order, and that's really what I wanted to talk about. I'll reserve the rest in terms of personal jurisdiction. But on the venue issue, just very briefly, because it is fully briefed, again, it's a permissive clause. And I think the cases that we addressed in the brief clearly show that it's permissive. Even though it uses the one word shall, the rest of that phrase is quite significant. And I won't repeat that. It's fully briefed. Well, all is the word that's most significant to me, I think. Well, it says, yeah, what does it say? It says all litigation shall be referred to the court that has jurisdiction. Yeah. Well, to me, all is surplusage because it's whether you say all or not, it's litigation. So the word shall be referred. Right. Shall be referred to the court that has jurisdiction. But again, that begs the issue of who has jurisdiction. And as the court, the cases that we ---- This is the second part of the clause you're working on, again. Yes. This is the venue issue, because that was an alternative basis. Oh, but I'm yes. I am ---- The venue thing has two clauses. First, the courts of Korea, I think. That's right. Right. Well, no, it's the court ---- It's the place where the property is located. Okay. And then the second prong is where the tort occurred. And that's according to Korean law, which ---- Well, that's not what the clause says. The clause says whatever the civil procedure ---- That's right. The clause reads whatever the Civil Procedure Act says, and then you go to the Civil Procedure Act. So it is a two-part ---- Because, quite frankly, I'm not sure I'm ready to accept your assumption that that's permissive. That looks awfully mandatory to me. So what ---- The clause or the Korean Act? As I read the clause, the form selection clause, what is this, subparagraph 3 of Article 18, I think, that you were reading out of, why is that not mandatory? Because it refers to the court that has jurisdiction, but the Korean Civil Procedure Act provides that that resides in ---- that not resides, but that is in two possible places. Where the tort occurred, which is here ---- Okay. But that was my question. What evidence of foreign law was presented to Judge Liu in connection with the motion to dismiss to help him interpret the meaning of that second clause? There was a copy of the Civil Procedure Act. So you just gave him the statute, basically, translated from Korean? The attorneys below did, yes. It's in the record. I think it ---- Is that sufficient under our case law, or does it require something more? Does it require an affidavit from a Korean lawyer or a Korean law professor? I don't know of any such requirement. It was not objected to by the other side. So I think it's, you know, for purposes of this appeal, it's ---- We have to accept it as a verity. I believe so. I wonder if ---- I mean, one way I would ---- certainly is one reasonable way to read that is to say that the court that exercises judgment under the Korean Procedure Act is the Korean court that decides where the case ought to go. I'm not sure I quite understood that. Maybe I didn't hear it. Well, you say we agree that all controversies under this case shall be determined by the place where the property is, which everybody knows is Korea, or the place designated by the Korean Procedure Act, whatever it is. And we don't normally apply the Korean Procedure Act. But we can and quite often actually do. But, you know, whether there's an implication there that it's to be done by a Korean court, I don't know. Well, again, those kinds of issues, there's a lot of things that down the line might come to bear, choice of law. But that's choice of law. And for personal jurisdiction purposes, when you're looking at seven elements, you're looking at due process, fairness, contacts, in the scheme of things that really isn't dispositive either way. But, again, those kinds of choice of law issues I think are best left for later. Thank you. I'll reserve my remaining time. Thank you. All right. Thank you. Good morning. My name is Rex Heinke. I'm with Aiken Gump, and I'm here on behalf of Defendant Samsung Heavy Industries. As the Court obviously is aware from the questioning, the first issue here is one of personal jurisdiction, and the core issue is whether having a Federal court exercise jurisdiction over this case would be unreasonable. We submit that that is the case if you go through the seven-factor test that this Let me turn to the first factor, which is whether the defendant, Samsung, purposely injected itself into California and to what extent. The evidence is as follows. Samsung did send one employee to participate in one seminar in Los Angeles, and the plaintiffs – some of the plaintiffs attended that, and they alleged some of those statements were false. Other than that, Samsung sent two written notices to the plaintiffs in California, updating them on the project's status, and it later sent two representatives to California for a second visit to try and resolve the problem with the plaintiffs. That's the extent of its involvement with California. Plaintiffs contend that somehow Samsung was a partner of the other two companies that were involved in the development of this building in downtown Seoul. They submitted no, absolutely not one shred of evidence to support that. What they say is we can rely on the pleadings. But what they can rely on the pleadings are facts that they alleged. They cannot rely on legal conclusions. There are no facts at all in the complaint that indicate that this is a partnership. How is the status of Samsung vis-à-vis the others set out in the moving papers? We explained, and it's set forth in our brief, what the relationship of these three companies was. It's on page 8 of our brief, and the sites are there. But essentially, Samsung's job was to build this building in downtown Seoul. Another company owned the land and was developing the property, and a third company was responsible for selling the apartments in this building. Samsung's job was to build it. In fact, the existing or the Korean litigation shows that. That's what it's all about. Samsung says, we built this property for you, and you won't pay us. And you say we didn't build it right. We want our money. That's what that litigation is about. Kennedy, can you answer my question with regard to the status of the Korean? Your Honor, I haven't been, unfortunately, didn't prepare for this until yesterday. Saw that, obviously, the Court would want to know that. I sent an e-mail to my client, and I do not have a response, but I'll be happy to inform the Court as soon as I get a response as to whether it's still ongoing. I have no information that indicates it's over, but I can't say that I have recently confirmed that it's still ongoing. So my point on this first one is there simply isn't any evidence of a partnership. What evidence there is shows that Samsung's role was simply to build this building. So there's no significant purposeful availment here. The second factor is the burden on the defendant. Obviously, the Court knows it's a foreign defendant. It's a long ways to clear. Let me, lest you go too quickly by the purposeful availment, what more does the plaintiff need to show if the theory of the cause of action is fraud in connection with the representative to Koreatown who allegedly made material misrepresentations which induced the plaintiffs to buy? I mean, that sounds pretty sufficient under international shoe to me. I understand, Your Honor, but let me make sure I draw the distinction clearly. There is two steps here. Step one, which I've assumed, is that they've shown purposeful availment. When you get to step two, reasonableness, the Court looks and says, well, how much purposeful availment was there? So what I'm saying is there was very limited purposeful availment. There was one contract, one meeting where there were alleged misrepresentations. Maybe I'm influenced too heavily by my prior experiences as a lawyer, but, you know, I can think of cases involving the travel industry where, you know, a hotel solicits rooms on the Internet or by a 1-800 number of residents of a state who then book a room and have some sort of a dispute with the hotel, and courts routinely find that that's sufficient to establish personal jurisdiction. Right, but the difference there, Your Honor, is that is continuous and systematic purposeful availment. It's going on constantly. That's the distinction. My point here is, yes, even if you assume purposeful availment, it is extremely limited. It's not continuous. It's not systematic. It relates to only one contract. It is not a hotel sitting in Las Vegas constantly trying to sell rooms to people in California year in and year out, and then says, hey, you can't sue me in California. That's the difference. Kennedy. Is SAMHSA licensed to do business in California? No. And is there only presence in California in this, or do they have other contacts with California besides sending this one representative to the? No other contacts except that there was a piece of litigation in 1994 where they were sued, and they admitted that they were selling steel in California in 1994. Nothing since then. The only other contacts are what I described before. The second question here is burden. And as the Supreme Court said in the Asahi case, when you have a foreign defendant and that foreign defendant is located a long ways away, they are a Japanese defendant, there's an overwhelming burden on that foreign defendant, and courts should be especially reluctant to impose personal jurisdiction on foreign defendants as distinct from imposing it on citizens of the United States who are in other states. The property, obviously, is in Korea. Almost all the conceivable evidence in this case is in Korea. The only exception is what the plaintiffs say they were told at that seminar. Everything else is in Korea. And the plaintiffs basically claim, their fundamental claim here is you sold me a building and it wasn't any good. Now, how are we going to resolve that? Go see the building. Have architects testify. Have people who are involved in the construction testify. Look at what the building looks like. They say it's not like the brochures. How do you do that? You go look at the building. All the documents are in Korea. All the payments were in Korean currency. All the witnesses except the plaintiffs speak Korean. Everything is in Korean. And none of that is disputed. So this, as this Court said in Corvin, is strong, is entitled to strong weight, that there's so much contact and so much of a burden on the foreign defendant. The third issue is this question of conflict with Korea's sovereignty. And, Judge Canby, you ask, well, is there really a conflict here? And I submit what there is is a very strong possibility of a conflict. You can't know for sure whether there's going to be a conflict. I admit that, because you don't know what's going to be decided in this litigation. But what is true is there is a Korean court deciding issues that are at the core of this litigation. Did Samsung build that building properly? Which is what the plaintiffs are complaining about, saying you didn't build it properly. I guess that might qualify as a conflict in sovereignty. The kind of thing I think would be more of a conflict was if the Korean government was somehow seeking to condemn this. I don't know if that's a part of the Korean government's project or something like that. And then you'd have to be really an intrusionist. You're certainly right. And I'm not saying we have that. But there are aspects of that, which is that there are claims here that Samsung did not build the building in accordance with the requirements of Korean law. So there are going to be people here who are going to testify about what does Korea require when you build a building in downtown Seoul. And those people are going to be people in Seoul who are involved in that business and in the government. So I submit that there's a strong possibility of conflict with Korean sovereignty. Fourth, what is the most efficient place to resolve this thing? Overwhelmingly, that has to be Korea. Certainly Judge Liu understood that trying this case in the central district of California in downtown Los Angeles was not going to be even vaguely close to the most efficient forum for that kind of trial. That factor is overwhelmingly in favor of the unreasonableness here. The next factor is the importance of the current forum to the plaintiff's interest in effective and convenient relief. In short, what's the burden on the plaintiff? I'd make two points here. First, it's, as we point out at page 37 of our brief, and as even, I believe, opposing counsel is saying, the real focus here is on the defendant. Is the burden great on the defendant? It's not a weighing between the plaintiff and the defendant. It's how bad is the burden on the defendant. But even if you consider the impact on the plaintiff, as we pointed out in our brief, the plaintiffs say repeatedly, and I quote, the development was to serve as a home away from home to individuals living in the United States and traveling to Korea, unquote, quote, where individuals of Korean ancestry who reside in the U.S. but who also travel and live for extended periods of time in Seoul could live and work, unquote. There is no inconvenience to the plaintiffs. The whole purpose of entering into this transaction was to have a place to live in Seoul because they went there all the time, they lived there, and they worked there. There simply is no burden on the plaintiffs. And the last factor is whether there's an adequate alternative forum. Plaintiffs have not submitted anything to suggest that Korea would not provide an adequate forum. And that was their burden to do so. So when we add up all these factors, what do we end up with? There is limited purposeful availability. And the factor I hadn't mentioned is California has some interest, admittedly, in protecting its own citizens, but it doesn't have very much interest in this case. And why is that? Because the plaintiffs bought these properties as an investment to make money. The brochures they say are false, are filled with statements that we set out in our brief on page 37 about how this is a great investment, you're going to make a lot of money. That's one of the big reasons. Well, the State would be interested if there were fraudulent representations. Even the State isn't necessarily prejudiced, as far as I've been able to discern, against people who are trying to make money. No. But as this Court said in Ellicott, when California citizens, quote, seek their fortune away from home, particularly when they compete for a slice of foreign pie made entirely from foreign materials and intended primarily for foreign consumption, unquote, California has only a very minimal interest in the case. And that's our point. This is essentially, I mean, when you cut through all this, what's this about? What it's all about is a building in Korea. That's what it's all about, which the United States has only the most tangential connection to. So we submit when you weigh all those factors, we are entitled to prevail here. The other issue that exists in this case is the question of the form selection clause. To answer one question that the Court was asking about, was there evidence submitted below about Korean law? The answer to that is no, other than the law itself as translated. If the Court reviews the records here, you'll see that we did submit, offer a declaration from a Korean lawyer here in the Ninth Circuit and received an order saying it would not be considered. I would ask that the Court reconsider that, because as I understand the Federal rules, the Court can rely on any evidence that demonstrates what Korean law is, whether or not it was in the record below. So I would ask that the Court look at that. There is a Federal rule of civil procedure 42.1, I believe. My understanding of that rule is that the Court can rely on anything. It can rely on a legal treatise. It can rely on the statute itself. It can rely on anyone who's an expert on that law. So I would ask that the Court reconsider that, because I think it quite clearly demonstrates. Did we issue an order pre-argument on that? Yes. Didn't we issue an order denying that? Yes, I said it. Oh, I'm sorry. Okay. So you're asking us to reconsider. Yes, Your Honor. I certainly did issue an order. Yes, that's what you're. The rule, of course, would be primarily directed at the district court, I suppose, saying that it can consider all those things. But we did look at that closely, Your Honor, and we didn't find any authority indicating that you couldn't consider it. We couldn't. And if you think about it, it's clear that you can go and consider a Korean law treatise at this point, just like you could consider any other law book. So it's not obvious to us why the Court can't consider an expert. Well, I guess the purpose of the rule may have been to – historically, of course, foreign law was proved as a fact. Right. I mean, that's the way the whole thing grew up. And I suppose the rule is trying to move away from that. Right. Right. And we thought this would be helpful and useful to the Court. In any event, that's our point. There is an order, and we would ask that the Court reconsider that order and consider the expert opinion. Even without that, however, and everyone knows there's no dispute over the first prong, we submit that the second prong, which says that all litigation concerning the contract shall be referred to the law court that is designated pursuant to the – and I'm adding a word – Korean Civil Proceedings Act. That's the act that controls here, that the parties agreed to, and that court has to be a Korean court. The parties didn't provide for an American court to interpret the Civil Proceedings Act. Of course, forum selection clauses are enforceable. Indeed, I don't understand plaintiff's counsel to argue that they are not. Their only other response is to say this isn't mandatory. It seems to me it's quite obviously mandatory because it says all and shall. I don't understand how we would have made it more mandatory than to use that language. So I do not believe there's any substance to the plaintiff's argument that this is somehow a permissive clause. They also raise an argument that the statute, that it would constitute a waiver, a prohibited waiver under the Interstate Lands Act. And we have two responses to that. The first is that that act only recovers, quote, lots, unquote. So the first issue is, is the interest that the plaintiffs obtained in these condominiums a lot? And what was that interest? They had the right to stay in the condominiums up to a maximum of 120 days a year if they reserved at least a month in advance the use of the condominium or apartment. And they had to participate in the program to rent out these units during the rest of the year. That is, the whole idea was you pay for this. Excuse me. You pay for this by renting them. These were rental units. We submit that the – and admittedly, it's a decision not of this Court of the Sixth Circuit, but the Berkshire case versus Merrill Lynch is right on point and indistinguishable. It seems awfully inconsistent with the regulation. The regulation is very expansive about what's a lot. Admittedly, the regulation has some language in it. But the key words in there are exclusive use. And that's what the Sixth Circuit was interpreting. What does it mean to have exclusive use of property? And what the Sixth Circuit said, and there, admittedly, the plaintiffs had less use of the property. They could only use it 14 days a year. But it was basically the same idea. You could use it if you called us up and gave us notice you wanted to use it, but all the rest of the year we're renting out this property to someone else to pay for it. And the Sixth Circuit said that is an exclusive use.  That is not exclusive use. We don't agree with you on that argument. Does the act still get in the way? Perfect, Your Honor, because that was my last point, especially since I'm running out of time. The law does not require – there's no provision in there that says you can't have a form selection clause, none whatsoever. What plaintiffs say is it provides exclusive jurisdiction in the Federal courts. It doesn't say that. What it says is – Well, they have a prohibition of waiver conditions. What is it? Waiver – conditions waiving the requirements of this statute, I guess. Well, right. But then that gets back to what are the conditions of the statute. And what the plaintiffs say is the condition of the statute is exclusive jurisdiction in Federal court. It doesn't say that. It says the Federal courts have jurisdiction, but it says nothing about that jurisdiction being exclusive. Indeed, it goes on to say that State courts have concurrent jurisdiction. There's nothing in there saying you must go to a Federal court or you must only go to an American court. Congress didn't provide any exclusivity. So even if this is interpreted to be, quote, unquote, a lot, the law simply does not prohibit the form selection clause in this case. Thank you very much. I appreciate it.  Let me first address the motion that they want reconsidered. As we pointed out in our opposition, it's one thing for the Court to consider relevant material or source in determining foreign law, because that's what the Rule 44.1 goes to. But that doesn't at all encompass a battle between experts. And, of course, we have not been able to submit and didn't want and didn't think we could submit expert evidence before this Court. So if the Court is thinking of taking 44.1 beyond, you know, grabbing a book from a shelf and actually getting into an expert evidence battle, we would like an opportunity to address that issue. But, anyway, that's not a big issue in this case, because I know the Court won't reconsider a wise decision in the first place. But getting back to what I wanted to talk about very briefly, I know I don't have that much time, but, you know, again, I did not hear anything from counsel that denied that this was a partnership. And I just rest on that. And just one more amplification of that, he says, well, we were just the construction part of the partnership. There was a sales part. There was the owner part. Well, that's, you know, that's the whole purpose of a partnership lots of times is partners have different roles with each other. But as far as that third party who's injured is concerned, injured by that partnership, as far as they're concerned, you're all in it together, guys. And so it's not enough for them to say I did this and, you know, I'm insulated from what he did. That's not how partnership law works. Counsel knows that. And they just haven't denied that it's a partnership. Talking about burden. You know, just I hear over and over glossed over the fact that this is a fraud action. And the fraud was perpetrated here. If, as your Honor pointed out, there's so many cases these days with computers and Internet of solicitation by just tiny little electronic touches of somebody 10,000 miles away. We have much, much more than that. And another thing. If you're going to try the misrepresentation case, I think the point was made by Mr. Heineke that you're going to have to get into the actual condition of the property. What were the representations that were made? What did Samsung actually build or fail to build? I mean, isn't the proof of the fraud part and parcel of the evidence that is presumably before the Korean court right now as to whether or not the building was built in conformity with building codes and the contractual provision? I think there's no question that this fraud case will involve some of the elements that are going on in Korea. There's no question about that. But just the presence of that factor is certainly not enough to prevent the Federal courts in this country from litigating a case where residents were defrauded here, even though it related to a building elsewhere. Because the test is not just similarity of issues. The test is whether those issues are nearly identical, whether the case in Korea is dispositive. Let me run my hypothetical out to follow up on Judge Canby's question. Suppose the Korean court finds no breach that whatever was built was built in full conformance both with Korean building codes and with the terms of the contract. But a California Federal court decides, well, no, that's not right. There was fraud. Promises were made and they didn't deliver. Don't we then have a potential sovereignty conflict? You have a possible choice of law issue. There's no question about that. Not a choice of law issue. You've got inconsistent verdicts. One from a United States Federal district court and another from a Korean district court. Well, but again. On the same, in essence, based on the same facts. Sure. And as I said, if that happens, and if that in this case, and we haven't even got that far, but if that happens, that to me is an issue that is addressed at that point. It is possible. I mean, there are a lot of possibilities in this case. But that kind of issue is addressed down the road and not now in terms of precedent. Well, I would think one of your answers might be that the Korean judgment would be the building was built according to the contract between Samsung and the landowner. And that doesn't speak to whether it was built as represented to your point. That's that's true, too. I hadn't got to that answer. But that is correct. You were right. Moving right along. I knew I was going to get help. But, of course, and that goes back, though, to the fact that that issue in Korea just is not dispositive of what happened here to these plaintiffs. And just one more moment. I knew there was something that I wanted to say. Just the condos, as your Honor pointed out, the law and the regulations are quite broad. Condominiums in general are lots. There's no question about that. The Becker case had to do with a 14-day timeshare. And a 14-day timeshare is on the other side of that spectrum from a condominium. Now, granted, we are in a mixed-use piece of property. But because the regulations are so broadly construed and so liberal, we fall much more under the condominium definition than a timeshare definition. And with that, I would submit. Thank you. Thank you. Thank you very much. The matter is submitted. Good argument. We'll call the next matter. City of Arcadia v.
judges: Pregerson, Canby, Tallman